IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | SUPERSEDING INDICTMENT |
| Plaintiff, | |
| v. | CRIMINAL NO.  10-113(CCC) |
| [1] RICARDO ALFREDO BETANCOURT BALLESTEROS A/K/A RICARDO BETANCOURT-MUNOZ A/K/A "TOMMY", | VIOLATIONS: TITLE 18, United States Code, Sections 2, 982, and 1956(a)(1)(A), (B) & (h) |
| [2] JOSE RAMON PARRA-BOTERO A/K/A "FLECHA", | (Five Counts and One Forfeiture Allegation) |
| [3] WILLIAMS ALEXANDER GARZON ROJAS A/K/A WILO | |
| [4] CARLOS MAESTRE-ASTACIO A/K/A "FLECHIMONO", | |
| [6] MIGUEL ANGEL BUILES-MEJIA A/K/A "Migue", | |
| [8] JOSE I. VALENTIN-LOPEZ A/K/A "NEGRO", | |
| Defendants. | |

THE GRAND JURY CHARGES:

## INDICTMENT

## COUNT ONE

(Conspiracy to commit money laundering)
18 U.S.C. § 1956(h)

Beginning in or about January, 2007, and ending in or about January, 2008, in the District

of Puerto Rico, and elsewhere, and within the jurisdiction of this Court, the defendants,

United States v. [1] Ricardo Alfredo Betancourt-Ballesteros, et. al.,
Indictment
Page 2

[1]  RICARDO ALFREDO BETANCOURT BALLESTEROS A/K/A RICARDO
BETANCOURT-MUNOZ A/K/A "TOMMY",
[2]  JOSE RAMON PARRA-BOTERO, A/K/A "FLECHA",
[3]  WILLIAMS ALEXANDER GARZON ROJAS A/K/A WILO
[4]  CARLOS MAESTRE-ASTACIO A/K/A "FLECHIMONO",
[6]  MIGUEL ANGEL BUILES-MEJIA A/K/A "Migue",
[8]  JOSE I. VALENTIN-LOPEZ A/K/A "NEGRO",

did knowingly combine, conspire, and agree with each other and other persons both known and

unknown to the Grand Jury to commit offenses against the United States in violation of Title 18,

United States Code, Section 1956, to wit:

(a) to knowingly conduct financial transactions affecting interstate commerce, which

transactions involved the proceeds of specified unlawful activity, that is, the felonious manufacture,

importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances

(as defined in section 102 of the Controlled substances Act), set forth in Title 18, United States

Code, Section 1961, punishable under any law of the United States including Title 21, United States

Code, Sections 841(a)(1), 846, 952, 960, and 963, knowing that the transactions were designed in

whole or in part to promote the carrying on of the specified unlawful activity, and that while

conducting and attempting to conduct such financial transactions, the defendants knew that the

property involved in the financial transactions represented the proceeds of some form of unlawful

activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

(b) to knowingly conduct financial transactions affecting interstate commerce, which

transactions involved the proceeds of specified unlawful activity, that is, the felonious manufacture,

importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances

(as defined in section 102 of the Controlled Substances Act), set forth in Title 18, United States

United States v. [1] Ricardo Alfredo Betancourt-Ballesteros, et. al.,
Indictment
Page 3

Code, Section 1961, punishable under any law of the United States including 21, United States Code,

Sections 841(a)(1),846, 952, 960, and 963, knowing that the transactions were designed in whole

or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds

of specified unlawful activity, and that while conducting and attempting to conduct such financial

transactions, the defendants knew that the property involved in the financial transactions represented

the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section

1956(a)(1)(B)(i); and

    (c) to knowingly conduct financial transactions affecting interstate commerce, which

transactions involved the proceeds of specified unlawful activity, that is, the felonious manufacture,

importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances

(as defined in section 102 of the Controlled Substance Act), set forth in Title 18, United States Code,

Section 1961, punishable under any law of the United States including Title 21, United States Code,

Sections 841(a)(1),846, 952, 960, and 963, knowing that the transactions were designed in whole

or in part to avoid a transaction reporting requirement under Federal law and that while conducting

and attempting to conduct such financial transactions, the defendants knew that the property involved

in the financial transactions represented the proceeds of some form of unlawful activity, in violation

of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

## OBJECT OF THE CONSPIRACY

    It was the purpose and object of the conspiracy that the defendants, together with their co-

conspirators, would engage in financial transactions with proceeds generated by drug trafficking

activities, in order to repatriate drug proceeds, which were located in the United States, to Colombia

the source country of the narcotics, all for financial gain and profit . The scheme was designed to promote the carrying of the narcotics trafficking, to conceal and disguise the nature, location, source, ownership, and control of the narcotics proceeds, and to avoid the reporting requirements.

## MANNER AND MEANS USE IN FURTHERANCE OF THE CONSPIRACY

The manner and means used to accomplish the objects of the conspiracy included the following:

1.     It was part of the manner and means of the conspiracy that the defendants and their co-conspirators would recruit individuals to conduct currency pick-ups with narcotics traffickers in the United States. The purpose of the currency pick-ups was to settle the debt between distributors of the narcotics in the United States, and those individuals that owned the narcotics in Colombia.

2.     If was further a part of the manner and means of the conspiracy that once the currency pick-ups occurred, narcotics proceeds were introduced into the financial system by breaking up the large amounts of cash into less conspicuous smaller amounts that were deposited directly into a bank account, or by purchasing a series of monetary instruments that were then collected and deposited into accounts at another location.

3.     It was further part of the manner and means of the conspiracy that the individuals that owned the narcotics in Colombia would utilize a Colombian "peso broker" to contact his counterpart in the United States. The United States "peso broker" would  receive the narcotics proceeds from the aforementioned accounts, thereby placing into the United States banking system, while the Colombian "peso broker" would offer the dollars to Colombian importers in need of U.S. goods. In exchange for the Colombian importer's pesos, the importer used the U.S. dollars to buy U.S. goods that were  delivered into Colombia. Once the importer received the U.S. goods, the importer

United States v. [1] Ricardo Alfredo Betancourt-Ballesteros, et. al.,
Indictment
Page 5

paid the Colombian "peso broker" for the goods in Colombian pesos. The Colombian peso broker

then returned the pesos bought from the Colombian importer back to the Colombian narcotics

owner.

The Grand Jury hereby incorporates by reference Counts Two through Five of this Indictment

and designates them as overt acts of this conspiracy.

All in violation of Title 18, United States Code, Sections 1956(h).

## COUNT TWO

### (Money laundering)
### 18 U.S.C. §§ 1956(a) and 2

On or about February 7, 2007, in the District of Puerto Rico, and elsewhere within the

jurisdiction of this Court, the defendants

**[1] RICARDO ALFREDO BETANCOURT BALLESTEROS A/K/A RICARDO
BETANCOURT-MUNOZ A/K/A "TOMMY",
[2] JOSE RAMON PARRA-BOTERO A/K/A "FLECHA,"
[3] WILLIAM GARZON A/K/A "WILO,"
[4] CARLOS MAESTRE-ASTACIO A/K/A "FLECHIMONO,"**

aided and abetted by one another, and with others both known and unknown to the Grand Jury, did

knowingly and intentionally conduct and attempt to conduct a financial transaction affecting

interstate and foreign commerce, to wit: the delivery of proceeds of a specified unlawful activity, that

is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise

dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set

forth in Title 18, United States Code, Sections 841 and 846, in the amount of two-hundred and

fourteen thousand, two-hundred and ten dollars ($214,210.00) in U.S. Currency, knowing that the

transaction was designed in whole or in part to promote the carrying on of the specified unlawful

United States v. [1] Ricardo Alfredo Betancourt-Ballesteros, et. al.,
Indictment
Page 6

activity; to conceal and disguise the nature, location, source, ownership, and control of the proceeds

of said specified unlawful activity; and to avoid a transaction reporting requirement under State or

Federal law and while conducting and attempting to conduct such financial transaction, the

defendants knew that the property involved in the financial transaction represented the proceeds of

some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and B(i)(ii), and

2.


## COUNT THREE

### (Money laundering)
### 18 U.S.C. §§ 1956(a) and 2


On or about February 8, 2007, in the District of Puerto Rico, and elsewhere within the

jurisdiction of this Court, the defendants

**[1]  RICARDO ALFREDO BETANCOURT BALLESTEROS A/K/A RICARDO
BETANCOURT-MUNOZ A/K/A "TOMMY",
[2]  JOSE RAMON PARRA-BOTERO A/K/A "FLECHA",
[3]  WILLIAMS ALEXANDER GARZON ROJAS A/K/A WILO**

aided and abetted by one another, and with others both known and unknown to the Grand Jury, did

knowingly and intentionally conduct and attempt to conduct a financial transaction affecting

interstate and foreign commerce, to wit: the delivery of proceeds of a specified unlawful activity, that

is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise

dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set

forth in Title 18, United States Code, Sections 841 and 846, in the amount of three hundred and one

United States v. [1] Ricardo Alfredo Betancourt-Ballesteros, et. al.,
Indictment
Page 7

thousand fifty-five dollars ($301,055.00) in U.S. Currency, knowing that the transaction was

designed in whole or in part to promote the carrying on of the specified unlawful activity; to conceal

and disguise the nature, location, source, ownership, and control of the proceeds of said specified

unlawful activity; and to avoid a transaction reporting requirement under State or Federal law and

while conducting and attempting to conduct such financial transaction, the defendants knew that the

property involved in the financial transaction represented the proceeds of some form of unlawful

activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and B(i)(ii), and

2.

## COUNT FOUR

### (Money laundering)
### 18 U.S.C. §§ 1956(a) and 2

On or about February 14, 2007, in the District of Puerto Rico, and elsewhere within the

jurisdiction of this Court, the defendants

**[1]  RICARDO ALFREDO BETANCOURT BALLESTEROS A/K/A RICARDO
BETANCOURT-MUNOZ A/K/A "TOMMY",
[2]  JOSE RAMON PARRA-BOTERO A/K/A "FLECHA",
[6]  MIGUEL ANGEL BUILES-MEJIA A/K/A "Migue",
[7]  JOSE GOMEZ-CUBERO,**

aided and abetted by one another, and with others both known and unknown to the Grand Jury, did

knowingly and intentionally conduct and attempt to conduct a financial transaction affecting

interstate and foreign commerce, to wit: the delivery of proceeds of a specified unlawful activity, that

is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise

dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set

forth in Title 18, United States Code, Sections 841 and 846, in the amount of three-hundred and

forty-seven thousand, six-hundred and eighty-eight dollars and fourteen cents ($347,688.14) in U.S.

Currency, knowing that the transaction was designed in whole or in part to promote the carrying on

of the specified unlawful activity; to conceal and disguise the nature, location, source, ownership,

and control of the proceeds of said specified unlawful activity; and to avoid a transaction reporting

requirement under State or Federal law and while conducting and attempting to conduct such

financial transaction, the defendants knew that the property involved in the financial transaction

represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and B(i)(ii), and

2.

## COUNT FIVE

### (Money laundering)
### 18 U.S.C. §§ 1956(a) and 2

On or about February 15, 2007, in the District of Puerto Rico, and elsewhere within the

jurisdiction of this Court, the defendants:

**[1]  RICARDO ALFREDO BETANCOURT BALLESTEROS A/K/A RICARDO
BETANCOURT-MUNOZ A/K/A "TOMMY",
[2]  JOSE RAMON PARRA-BOTERO A/K/A "FLECHA",
[4]  CARLOS MAESTRE-ASTACIO A/K/A "FLECHIMONO",
[6]  MIGUEL ANGEL BUILES-MEJIA A/K/A "Migue",
[8]  JOSE I. VALENTIN-LOPEZ A/K/A "NEGRO",**

aided and abetted by one another, and with others both known and unknown to the Grand Jury, did

knowingly and intentionally conduct and attempt to conduct a financial transaction affecting

interstate and foreign commerce, to wit: the delivery of proceeds of a specified unlawful activity, that

United States v. [1] Ricardo Alfredo Betancourt-Ballesteros, et. al.,
Indictment
Page 9

is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise

dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set

forth in Title 18, United States Code, Sections 841 and 846, in the amount of fifteen thousand dollars

($15,000.00) in U.S. Currency, knowing that the transaction was designed in whole or in part to

promote the carrying on of the specified unlawful activity; to conceal and disguise the nature,

location, source, ownership, and control of the proceeds of said specified unlawful activity; and to

avoid a transaction reporting requirement under State or Federal law and while conducting and

attempting to conduct such financial transaction, the defendants knew that the property involved in

the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and B(i)(ii), and

2.

## FORFEITURE ALLEGATION

### (Money Laundering Forfeiture Allegation)
### 18 U.S.C. § 982

Pursuant to Title 18, United States Code, Section 982(a)(1), each defendant convicted of any

of Counts One through Five of this Indictment, as a result of violations incorporated herein by

reference, shall forfeit to the United States the following property:

A. All right, title, and interest in any and all property involved in each offense in violation

of Title 18 United States Code, Section 1956, for which the defendant is convicted, and all property

traceable to such property, including the following: 1) all money or other property that was involved

in, or proceeds of, said offense; 2) all commissions, fees and other property constituting proceeds

obtained as a result of those offenses; and 3) all property used in any manner to commit or to

United States v. [1] Ricardo Alfredo Betancourt-Ballesteros, et. al.,
Indictment
Page 10

facilitate the commission of those offenses, including, but not limited to,

(1)  A sum of money equal to $877,953.14 in United States currency, representing the

amount of proceeds and money involved in the offenses charged in Counts One through Five

of this Indictment.

Pursuant to Title 21, United States Code, Section 853 (p), as incorporated by Title 18, United

States Code, Section 982(b), each defendant shall forfeit substitute property, up to the value of the

amount described in paragraph 1, or any portion thereof, if the property described in paragraph 1

cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with

a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished

in value; or has been commingled with other property which cannot be divided without difficulty.

All in accordance with Title 18, United States Code, Section 982(a)(1), and Rule 32.2(a),

Federal Rules of Criminal Procedure.

**TRUE BILL**

**FOREPERSON**
Date: _March 22, 2011_

**ROSA EMILIA RODRIGUEZ-VELEZ**
United States Attorney

**MARIA A. DOMINGUEZ**
First Assistant United States Attorney
Date: _3/21/11_

**MYRIAM Y. FERNANDEZ-GONZALEZ**
Assistant United States Attorney
Chief, Money Laundering and Asset Forfeiture Unit
Date: _3·21·2011_