**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF PUERTO RICO**

RECEIVED AND FILED
2012 SEP -5 PM 3:12
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br><br> v. <br><br> **[1] Ricardo Alfredo Betancourt Ballesteros** <br> Defendant. | CASE NO. 10-113 (CCC) |



**PLEA AGREEMENT**
(Pursuant to Rule 11(c)(1)(B) FRCP)

TO THE HONORABLE COURT:

COMES NOW the United States of America through its counsel Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; Myriam Y. Fernández-González, Assistant U.S. Attorney; Chief, Money Laundering/Asset Forfeiture Division; defendant's counsel, Maria H. Sandoval, Esq.; and defendant **[1] Ricardo Alfredo Betancourt Ballesteros** to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

The defendant agrees to plead guilty to COUNT ONE of the Indictment. Count One charges that beginning or about January, 2007, and ending on or about January, 2008, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, defendant **[1] Ricardo Alfredo Betancourt Ballesteros** and other persons, did knowingly combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, did knowingly combine, conspire, and agree with each other and other persons both known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: to knowingly conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious

United States v. [1] Ricardo Alfredo Betancourt Ballesteros Criminal No. 10-113(CCC)
Plea Agreement
Page 2

manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances (as defined in section 102 of the Controlled substances Act), set forth in Title 18, United States Code, Section 1961, punishable under any law of the United States including Title 21, United States Code, Sections 841(a)(1), 846, 952, 960, and 963, knowing that the transactions were designed: (a) in whole or in part to promote the carrying on of the specified unlawful activity; (b) in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity; and (c) designed in whole or in part to avoid a transaction reporting requirement under Federal law. While conducting and attempting to conduct such financial transactions, the defendant [1] Ricardo Alfredo Betancourt Ballesteros knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); 1956(a)(1)(B)(i), and Section 1956(a)(1)(B)(ii). It was the purpose and object of the conspiracy that the defendants, together with their co-conspirators, would engage in financial transactions with proceeds generated by drug trafficking activities, in order to repatriate drug proceeds, which were located in the United States, to Colombia the source country of the narcotics, all for financial gain and profit. The scheme was designed to promote the carrying of the narcotics trafficking, to conceal and disguise the nature, location, source, ownership, and control of the narcotics proceeds, and to avoid the reporting requirements. All in violation of Title 18, United States Code, Sections 1956(h).

2.  **MAXIMUM PENALTIES**

The penalty for the offense charged in COUNT ONE of the Indictment is a term of imprisonment of not more than twenty (20) years, a fine of twice the value of the property involved in the transaction, $1,755,906.28; and a term of supervised release of not more than three (3) years, all pursuant to Title 18, United States Code, Section 1956(h).

United States v. [1] Ricardo Alfredo Betancourt Ballesteros Criminal No. 10-113(CCC)
Plea Agreement
Page 3

### 3. APPLICABILITY OF SENTENCING GUIDELINES

Defendant acknowledges that the Court may impose a sentence in accordance with the applicable provision(s) of the Sentencing Guidelines, Title 18 United States Code, Section 3551, *et seq.* (hereinafter Guidelines), which are now advisory. Further, the defendant acknowledges to be aware that parole has been abolished and the imposition of a sentence may not be suspended.

### 4. SPECIAL MONETARY ASSESSMENT

Prior to defendant's change of plea hearing, the defendant shall pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction.

### 5. FINES AND RESTITUTION

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines Manual, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and also the Court may impose restitution. As part of this Plea Agreement, the defendant agrees to produce complete information regarding all restitution victims and defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendations as to the imposition of fines or restitution.

### 6. RULE 11(e)(1)(B) WARNINGS

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge and the advisory Sentencing Guidelines (including the Guidelines Policy Statements, Application, and Background Notes). The defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and/or recommendations contained herein. Defendant specifically

<u>United States v. [1] Ricardo Alfredo Betancourt Ballesteros</u> Criminal No. 10-113(CCC)
Plea Agreement
Page 4

acknowledges and admits that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. Defendant is aware that the Court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence report. Should the Court impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

7. **SENTENCING GUIDELINES CALCULATIONS**

a. Although the Guidelines are now advisory, <u>United States v. Booker</u>, 125 S.Ct. 738, 744, 160 L.Ed.2d 621 (2005), makes clear the sentencing court is required to consider the Guidelines "sentencing range established for... the applicable category of offense committed by the applicable category of defendant" in imposing sentence. <u>Booker</u>, 125 S.Ct. At 744. Therefore, the United States and the defendant submit the following advisory Sentencing Guidelines calculations as to COUNT ONE:

| PLEA AGREEMENT SENTENCING GUIDELINES CALCULATION TABLE | |
|---|---|
| COUNT ONE - Title 18, <u>United States Code</u>, Section 1956(h) | |
| BASE OFFENSE LEVEL - [U.S.S.G. Sections 2S1.1(a)(2) and 2B1.1(b)(1)(G)] | 20 |
| SPECIFIC OFFENSE CHARACTERISTIC - [U.S.S.G. Sections 2S1.1(b)(1)] | 6 |
| SPECIFIC OFFENSE CHARACTERISTIC [U.S.S.G. Sections 2S1.1(b)(2)(B)] Conviction under Title 18, <u>United States Code</u>, Section 1956(h) | 2 |
| Acceptance of Responsibility pursuant to [U.S.S.G. Section 3E1.1] | -3 |

United States v. [1] Ricardo Alfredo Betancourt Ballesteros Criminal No. 10-113(CCC)
Plea Agreement
Page 5

| PLEA AGREEMENT SENTENCING GUIDELINES CALCULATION TABLE ||
|---|---|
| TOTAL OFFENSE LEVEL | 25 |
| There is no stipulation as to defendant's Criminal History Category (CHC) ||



b.   SENTENCE RECOMMENDATION: The parties agree to recommend a term of imprisonment at the lower end of the applicable sentencing guideline. The United States will not object to defendant presenting to the Court factors pursuant to Title 18, United States Code, Section 3553. In addition, the parties agree that pursuant to Title 18, United States Code, Section 3585, the defendant is entitled to receive credit for the time he spent in official detention in the Republic of Colombia as a result of the offenses set forth in the Indictment in the present case. Defendant was taken into custody and initiated official detention in the Republic of Colombia on February 4, 2011.

8.   **NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and the defendant agree that no further adjustment or departures to the defendant's base offense level shall be sought by the parties.

9.   **FORFEITURE ALLEGATION**

a.   Upon request from the United States, the defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five (5) years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five

United States v. [1] Ricardo Alfredo Betancourt Ballesteros Criminal No. 10-113(CCC)
Plea Agreement
Page 6

years. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than $1000 that, within the last five (5) years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

b. The defendant agrees to forfeit all interests in any asset that the defendant currently owns, has previously owned or over which the defendant currently, or has in the past, exercised control, directly or indirectly, and any property the defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, including a sum of money equal to **$877,953.14**, representing the representing the amount of proceeds and money involved in the offense charged in Counts One of this Indictment.

c. Defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he/she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

d.     The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, and substitute assets for property otherwise subject to forfeiture.

**10.    SATISFACTION WITH COUNSEL**

The defendant represents to the Court to be satisfied with defendant's counsel, Maria H. Sandoval, Esq., and indicates that counsel has rendered effective legal assistance.

**11.    RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a.     If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b.     If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury

would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

12. **DISMISSAL OF REMAINING COUNTS:**

At sentencing, the United States shall request the dismissal of the remaining counts of the Indictment.

13. **STATEMENT OF FACTS**

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

14. **LIMITATIONS OF PLEA AGREEMENT**

This plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authorities.

15. **ENTIRETY OF PLEA AGREEMENT**

This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this plea agreement and deny the existence of any other term and conditions not stated herein.

16. **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms, or conditions will be entered unless in writing and signed by all parties.

17. **VOLUNTARINESS OF GUILTY PLEA**

The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

18. **IMPACT UPON IMMIGRATION STATUS**

Defendant is an alien to the United States. Defendant acknowledges that pleading guilty and entering into this plea may have a negative effect upon defendant's immigration status with the United States.

[INTENTIONALLY BLANK]

### 19. WAIVER OF APPEAL

The defendant hereby agrees that if this Honorable Court accepts this Plea Agreement and sentences his according to its terms, conditions and recommendations, defendant waives and surrenders his right to appeal the judgement and sentence in this case.

RESPECTFULLY SUBMITTED.
ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

_____
Myriam Y. Fernandez-Gonzalez
Assistant U.S. Attorney
Dated: 9-4-2012

_____
Maria H. Sandoval, Esq.
Counsel for Defendant
Dated: 9-5-12

_____
Ricardo Alfredo Betancourt Ballesteros
Defendant
Dated: 9-5-12

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with your attorney. I fully understand this agreement and I voluntarily agree to it.

Date: 9-5-12

_____
Ricardo Alfredo Betancourt Ballesteros
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

Date: 9-5-12

_____
Maria H. Sandoval, Esq.
Counsel for Defendant

## STATEMENT OF FACTS

The defendant agrees to plead guilty to COUNT ONE of the Indictment. Count One charges that beginning or about January, 2007, and ending on or about January, 2008, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, defendant **[1] Ricardo Alfredo Betancourt Ballesteros** and other persons, did knowingly combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: to knowingly conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances (as defined in section 102 of the Controlled substances Act), set forth in Title 18, United States Code, Section 1961, punishable under any law of the United States including Title 21, United States Code, Sections 841(a)(1),846, 952, 960, and 963, knowing that the transactions were designed: (a) in whole or in part to promote the carrying on of the specified unlawful activity; (b) in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity; and (c) designed in whole or in part to avoid a transaction reporting requirement under Federal law. While conducting and attempting to conduct such financial transactions, the defendant **[1] Ricardo Alfredo Betancourt Ballesteros** knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);1956(a)(1)(B)(i), and Section 1956(a)(1)(B)(ii). It was the purpose and object of the conspiracy that the defendants, together with their co-conspirators, would engage in financial transactions with proceeds generated by drug trafficking activities, in order to repatriate drug proceeds, which were located in the United States, to Colombia the source country of the

narcotics, all for financial gain and profit. The scheme was designed to promote the carrying of the narcotics trafficking, to conceal and disguise the nature, location, source, ownership, and control of the narcotics proceeds, and to avoid the reporting requirements. All in violation of Title 18, United States Code, Sections 1956(h). Within the described conspiracy, defendant **[1] Ricardo Alfredo Betancourt Ballesteros** did knowingly and intentionally conduct and attempt to conduct a financial transaction, aiding and abetting others and aided and abetted by others, affecting interstate and foreign commerce, to wit: the delivery of proceeds of a specified unlawful activity, in the amount of $877,953.14.

At trial, the United States would have proven beyond a reasonable doubt that defendant **[1] Ricardo Alfredo Betancourt Ballesteros** is guilty as charged in COUNT ONE of the Indictment by presenting physical and documentary evidence, photographs, video recordings, and eyewitness testimony, among others.

Full discovery has been provided to the defendant.

_____
Myriam Y. Fernandez-González
Assistant U.S. Attorney
Dated: 9·5·2012

_____
Maria H. Sandoval, Esq.
Counsel for Defendant
Dated: 9-5-12

_____
Ricardo Alfredo Betancourt Ballesteros
Defendant
Date: 9-5-12